Roger G. Trim
roger.trim@ogletree.com
Raul Chacon, Jr.
raul.chaconjr@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2000 S. Colorado Blvd.
Tower 3, Suite 900
Denver, CO  80222
Telephone:   303-764-6800
Facsimile:    303-831-9246

Attorneys for Defendant Firstline Transportation Security, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| Becky Clements,<br><br>    Plaintiff,<br><br>vs.<br><br>Comprehensive Security Services, Inc., a Montana registered foreign corporation, Firstline Transportation Security, Inc., a Montana registered foreign corporation, ABC Corporations, ABC LLCs, and JOHN DOES 1-10,<br><br>    Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

Defendant Firstline Transportation Security, Inc., ("Firstline"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Eighteenth Judicial District Court, Gallatin County, in the State of Montana, Cause No. DV 16-593C, to the United States District Court for the District of Montana, Butte Division.  In addition to removing this matter, Firstline specifically reserves its rights to assert any defense available under Rule 12 of the Federal Rules of Civil Procedure.  As grounds for this removal,

Firstline states as follows:

1. Plaintiff Becky Clements ("Plaintiff") filed a civil complaint against Firstline in the Eighteenth Judicial District Court, Gallatin County, Montana, Cause No. DV 16-593C, on or about August 4, 2016 (the "State Court Action").

2. Copies of the entire case file in the State Court Action are attached as Exhibit A. Firstline was served on or about August 1, 2019 with the pleadings setting forth the claims for relief asserted in the State Court Action. The Complaint asserts Montana state law claims against Firstline and one other named defendant, Comprehensive Security Services, Inc. (Exhibit A, Complaint, ¶¶ 27-40.)

3. This action is a matter which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332(a)(1) and may be removed to this Court by Firstline under the provisions of 28 U.S.C. §§ 1441(a) and (b), because it is between citizens of different states, and the mater in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, as follows:

    a. Plaintiff is a citizen of the State of Montana (See Exhibit A, Complaint, ¶ 1).

    b. Firstline is and was, at the time of the filing of the Complaint, an Ohio corporation with its principal place of business in Tennessee. (See Exhibit A, Complaint, ¶ 2; Declaration of Jennifer Andrews, attached hereto as Exhibit B.)

2

c. Defendant Comprehensive Security Services Inc. is and was, at the time of the filing of the Complaint, a California corporation with its principal place of business in California. (See Complaint).

d. Based on the above, there is complete diversity of citizenship between the parties in this suit.

e. The amount in controversy is also greater than $75,000.00, exclusive of interests and costs. Where, as here, a plaintiff does not allege an amount in controversy in the complaint, a removing party may provide evidence establishing that it is more likely than not that the amount in controversy exceeds the amount required under 28 U.S.C. § 1332(a). See Mattheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

f. Here, Plaintiff has stated a claim for Wrongful Discharge from Employment and seeks lost wages pursuant to Mont. Code Ann. § 39-2-905(1), which allows damages for lost wages and benefits for a period of up to four years from the date of discharge. (See Exhibit A, ¶¶ 27-34.) Plaintiff worked as a full-time employee

at a base hourly rate of $22.81 at the time of her termination of employment. (See Exhibit B, ¶ 8.) Plaintiff was employed as a full-time employee and would have been expected to work at least 2080 hours per year based on an ordinary 40-hour workweek. (Id.) Accordingly, Plaintiff's annualized rate of pay would have been approximately $47,444.80. (Id.) Thus, over four years, Plaintiff's projected damages are valued at $189,779.20. Accordingly, Plaintiff's gross earnings history alone makes it more likely than not that the amount in controversy under Mont. Code Ann. § 39-2-905(1) exceeds $75,000.00.

g. Plaintiff also seeks punitive damages under her state law claims. Punitive damages must be considered in determining whether the amount in controversy under 28 U.S.C. § 1332 has been satisfied. See Gonzalez v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016) ("We have defined the amount in controversy as the amount at stake in the underlying litigation . . . This amount includes, inter alia, damages (compensatory, punitive, or otherwise)" (internal citations omitted)). Notably, courts in Montana have awarded punitive damages in excess of

$1,000,000.00 in similar claims.  Flanigan v. Prudential Fed. Sav. & Loan Ass'n, 720 P.2d 257, 258 (Mont. 1986).  Moreover, subject to limitations pursuant to the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, Montana law permits an award of punitive damages up to $10,000,000.00 or 3% of a defendant's net worth.  See Mont. Code Ann. § 27-1-220(3); Olson v. Hyundai Motor Co., 2014 WL 5040001, at *11 (Mont. Dist. Sept. 19, 2014).  Thus, Plaintiff's prayer for punitive damages further makes it more likely than not that the amount in controversy exceeds $75,000.00.

4. Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in state court asserting a claim over which the district courts of the United States have original jurisdiction may be removed to the United States District Court embracing the state court where the action is pending.  The Court in which Plaintiff's State Court Action was filed, the Eighteenth Judicial District Court, Gallatin County, Montana, is located within the United States District of Montana.

5. This Notice of Removal is being filed within 30 days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading and is, therefore, timely.  28 U.S.C. § 1446(b)(1).

6. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Comprehensive Security Services Inc. consents to the removal of this action from the Eighteenth Judicial District Court, Gallatin County, Montana, to the United States District Court for the District of Montana, Butte Division.

7. Pursuant to 28 U.S.C. § 1446(d), Defendant is giving written notice of this removal to all parties and filing a copy of the notice with the Clerk of the Eighteenth Judicial District Court, Gallatin County, Montana. A Notice of Filing of Notice of Removal will be promptly filed with the Eighteenth Judicial District Court, Gallatin County, Montana. 28 U.S.C. § 1446(d).

8. This case is properly removable to the United States District Court for the District of Montana pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

9. In filing this Notice of Removal, Defendant reserves any defenses available to it in this action.

WHEREFORE, Firstline Transportation Security, Inc. hereby removes this action from the Eighteenth Judicial District Court, Gallatin County, Montana to the United States District Court for the District of Montana.

DATED this 22nd day of August, 2019.

                                      OGLETREE, DEAKINS, NASH,
                                      SMOAK & STEWART, P.C.

                     By: /s/ Roger G. Trim
                          Roger G. Trim
                          Raul Chacon, Jr.
                          2000 S. Colorado Blvd.
                          Tower 3, Suite 900
                          Denver, CO 80222
                          Telephone: 303-764-6800
                          Facsimile: 303-831-9246
                          roger.trim@ogletree.com
                          raul.chacon@ogletree.com

                          Attorneys for Defendant Firstline
                          Transportation Security, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system and email and First Class U.S. Mail, postage fully prepaid, upon the following counsel:

>Thomas J. Karem, Esq.
>thomas@karemlaw.com

>>*/s/ Roger G. Trim*
>>Roger G. Trim