EXHIBIT A

CU                    [illegible stamp]

1  Thomas J. Karem, Esq.
   **Karem Law Firm, P.C.**
2  P.O. Box 682                    2016 AUG -4  PM 4: 46
   Bozeman, MT 59771-0682
3  (406) 586-1986 fax 587-9461          FILED
   thomas@karemlaw.com
4
   Attorney for Plaintiff          BY_____DEPUTY
5

6
   **MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY**
7
                    * * * * * *
8
   BECKY CLEMENTS,                )  Cause No. DV-16-__593c__
9                                  )
              Plaintiff,           )  **COMPLAINT AND JURY**
10                                 )  **DEMAND**
        vs.                        )
11                                 )
   COMPREHENSIVE SECURITY SERVICES,)
12 INC., a Montana registered      )
   foreign corporation, FIRSTLINE  )
13 TRANSPORTATION SECURITY, INC.,  )   
   a Montana registered foreign    )
14 corporation, ABC Corporations,  )
   ABC LLCs, and JOHN DOES 1-10,   )
15                                 )
              Defendants.          )
16 _____)

17      COMES NOW, Plaintiff Becky Clements, by and through counsel,

18 and states, for her complaint against Defendants, as follows:

19                          **PARTIES**

20 1.   Plaintiff Becky Clements (Clements) is a Montana resident

21  .    residing in Gallatin County, Montana.

22 2.   Defendant Comprehensive Security Services, Inc. (CSSI), is a

23      Montana registered foreign corporation, whose registered

24      agent address is 26 W. Sixth Ave., P.O. Box 1691, Helena,

25      Montana 59624-1691.

26 3.   Defendant Firstline Transportation Security, Inc.

27      (Firstline), is a Montana registered foreign corporation,

28      whose registered agent address is 3011 American Way,

                    Page 1 of  7

1    Missoula, Montana 59808.

2                    **JURISDICTION AND VENUE**

3    4.   The Court has original jurisdiction over this action

4         pursuant to § 3-5-302(b)-(c), M.C.A.

5    5.   The Court has personal jurisdiction over the parties because

6         Plaintiff is a resident of Gallatin County, Montana; CSSI

7         and Firstline transact business within Montana, enter into

8         contracts for services and/or materials within Montana, and

9         committed acts resulting in accrual of claims within

10        Montana.

11   6.   Venue is property in this Court because Plaintiff resides in

12        Gallatin County, Defendants transact business, contract for

13        services and/or materials within Gallatin County, and

14        committed acts that accrued in Gallatin County, Montana.

15                    **COMMON ALLEGATIONS**

16   7.   CSSI and Firstline provide or provided, at relevant times,

17        screening and security services for Montana airports,

18        including Bert Mooney Airport in Butte, Glacier Park

19        International Airport in Kalispell, Yellowstone Airport in

20        West Yellowstone, and Bozeman Yellowstone International

21        Airport in Bozeman, Montana.

22   8.   CSSI and Firstline contract to the Federal Transportation

23        Security Administration, U.S. Department of Homeland

24        Security (TSA).

25   9.   On or before September 1, 2014, CSSI/Firstline employed

26        Plaintiff as a transportation security officer (TSO).

27   10.  Prior to CSSI/Firstline employing Plaintiff, she was

28        employed by TSA.

Page 2 of  7

1  11.  Plaintiff performed as a TSO at Yellowstone Airport and
2       Bozeman Yellowstone International Airport.
3  12.  CSSI/Firstline promoted Plaintiff to Supervisory
4       Transportation Security Officer (STSO).
5  13.  On or about July 27, 2015, Plaintiff reported to
6       CSSI/Firstline violations of company policies, including,
7       without limitation, sexual relations between a manager and a
8       TSO.
9  14.  Plaintiff further complained to CSSI/Firstline of
10      mismanagement, including, without limitation, failing to
11      have a manager on duty during shifts, under staffing, lack
12      of communication, and insufficient supplies.
13 15.  Plaintiff , failing to have a supervisor on duty,
14 16.  On or about August 4, 2015, CSSI/Firstline terminated, in
15      writing, Plaintiff's employment allegedly for violating
16      "Social Networking Policy" of company policy and for
17      "willful actions that are detrimental to the interests of
18      the Company."
19 17.  In CSSI/Firstline's written termination, it cited its Social
20      Networking Policy, policy no. 518, in relevant part,
21      "Posting Information for Personal Reasons: 2. Respect your
22      audiences, your co-workers and our customers-Personal
23      insults or any similar language directed toward or about
24      anyone affiliated with this company is prohibited" and "3.
25      Speak the Truth-Defamatory or otherwise false statements
26      that place anyone affiliated with the company in a false
27      light are prohibited."
28 //

Page 3 of 7

18. In particular, CSSI/Firstline stated, in its written
termination, as follows:

"[i]t was discovered in that Becky Clements has posted
on Facebook and Pinterest a great deal of material that
is negative to employment in general, and to her job
and her employer in particular.  Though the postings
are generally cartoons re-posted on her Facebook page,
they refer to 'my job,' 'my boss,' and 'my co-workers.'
CSSI/Firstline Employees have a responsibility to
ensure that the safety and security of public
confidence in the ability of the company to carry out
its mission.  Such comments contribute to a culture of
negativity among other employees.  This is even more
reprehensible because Becky Clements is a Supervisor,
and should be presenting the company in a positive
light and setting an example for other employees.  In
addition, the postings included profanity."

19. Plaintiff's alleged postings do not identify CSSI/Firstline
nor any of its employees.

20. On or about August 11, 2015, Plaintiff requested a review of
her termination pursuant to CSSI/Firstline's company
policies.

21. On or about August 18, 2015, CSSI/Firsline affirmed its
decision to terminate Plaintiff's employment citing, in
addition to its Social Networking policy, above, that it has
an "at will policy" and the right to terminate without
cause.

22. CSSI/Firstline has a company policy of progressive
discipline.  It not follow this policy but instead
immediately terminated Plaintiff without progressive
discipline.

23. Plaintiff's performance as a TSO and STSO for CSSI/Firstline
was above average to excellent.

24. On or about October 1, 2015, CSSI/Firstline's TSA contract
to provide transportation security services at Montana

Page 4 of  7

1    airports was terminated.

2  25. On or about October 2, 2015, TSA awarded Trinity Technology
3      Group (Trinity) a contract to provide transportation
4      security services for Montana airports, including at
5      Yellowstone Airport and Bozeman Yellowstone International
6      Airport.  Trinity was required to employ CSSI/Firstline's
7      employees as a condition of the contract.

8  26. Plaintiff applied for employment with Trinity as a TSO.
9      Trinity declined to employ Plaintiff based on
10     CSSI/Firstline's representations of Plaintiff.

11                          **COUNT I**

12              **Wrongful Discharge from Employment**

13 27. Plaintiff realleges the foregoing paragraphs under this
14     count verbatim.

15 28. Plaintiff was not a probationary employee.

16 29. Defendants discharged Plaintiff without good cause.

17 30. Defendants discharged Plaintiff reporting violations of
18     company policy.

19 31. Defendants violated its company policies in the discharge of
20     Plaintiff.

21 32. Plaintiff was injured by Defendants' wrongful termination of
22     Plaintiff's employment.

23 33. Defendants' wrongful discharge is the actual and proximate
24     cause of Plaintiff's injury.

25 34. Plaintiff is entitled to lost wages, including bonuses,
26     fringe benefits, and interest in an amount to be determined
27     at trial.

28 //

                         Page 5 of 7

| | |
|---|---|
| 1 | **COUNT II** |
| 2 | **Blacklisting** |
| 3 | 35. Plaintiff realleges the foregoing paragraphs under this |
| 4 | count verbatim. |
| 5 | 36. Defendants prevented or attempted to prevent employment of |
| 6 | Plaintiff by Trinity by making false representations about |
| 7 | Plaintiff. |
| 8 | 37. Defendants attempted, or authorized or allowed its agents to |
| 9 | blacklist Plaintiff, to prevent Plaintiff from obtaining |
| 10 | employment with Trinity. |
| 11 | 38. Plaintiff was injured by Defendants' blacklisting of |
| 12 | Plaintiff. |
| 13 | 39. Defendants' blacklisting of Plaintiff is the actual and |
| 14 | proximate cause of Plaintiff's injury. |
| 15 | 40. Plaintiff is entitled to damages, including, without |
| 16 | limitation, punitive damages, and interest in an amount to |
| 17 | be determined at trial. |
| 18 | **DEMAND FOR JURY** |
| 19 | Plaintiff requests trial by jury. |
| 20 | **WHEREFORE**, Plaintiff prays for judgment against Defendant as |
| 21 | follows: |
| 22 | 1. That Plaintiff be awarded lost wages, fringe benefits, and |
| 23 | interest against Defendants for wrongful discharge of |
| 24 | Plaintiff in an amount to be determined at trial; |
| 25 | 2. That Plaintiff be awarded punitive damages against |
| 26 | Defendants for blacklisting Plaintiff; and |
| 27 | 3. That, in addition, for such other equitable and legal |
| 28 | relief. |

Page 6 of  7

1     DATED this __4__ day of August, 2016.

2

3

4                               Thomas Karem,

5                               Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

pty

Judge John C. Brown
Department 3

1 | Thomas J. Karem, Esq.
Karem Law Firm, P.C.
2 | 1902 W. Dickerson St., Ste. 103
P.O. Box 682
3 | Bozeman, MT  59771-0682
thomas@karemlaw.com
4 | (406) 586-1986 fax 624-6891

5 | Attorney for Plaintiff

6

7 | MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

8 | * * * * * *

9 | BECKY CLEMENTS,                                    Cause No. DV-16-593C
                                           )
10 |               Plaintiff,              )    SUMMONS
                                           )
11 |        vs.                            )
                                           )
12 | COMPREHENSIVE SECURITY SERVICES,       )
INC., a Montana registered             )
13 | foreign corporation, FIRSTLINE        )
TRANSPORTATION SECURITY, INC.,         )
14 | a Montana registered foreign          )
corporation, ABC Corporations,         )
15 | ABC LLCs, and JOHN DOES 1-10,         )
                                           )
16 |               Defendants.             )
                                           )
17 | ————————————————————————————————

18 |       THE STATE OF MONTANA SENDS GREETINGS TO:

19 |         Firstline Transportation Security, Inc.
           3011 American Way
20 |         Missoula, MT 59808

21 |       YOU, DEFENDANT, ARE HEREBY SUMMONED to answer Plaintiff's

22 | Complaint and Jury Demand in the above-entitled cause, which is

23 | filed in the office of the above-named Court, a copy of which is

24 | herewith served upon you, and to file your answer and serve a

25 | copy thereof upon Plaintiff's attorney within twenty-one (21)

26 | days after the service of this Summons, exclusive of the day of

27 | service; and in case of your failure to appear or answer,

28 |

Page 1 of 2

1   judgment may be taken against you by default, for the relief
2   demanded in the Petition.
3        GIVEN under my hand this /2 day of July, 2019, at the hour
4   of /0:55 o'clock,  A .m.
5
6                              JENNIFER BRANDON,
                               Clerk of District Court
7
8
9                         By: _____
                               Deputy Clerk of Court
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                         Page 2 of  2