IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BECKY CLEMENTS,<br><br>                Plaintiff,<br><br>vs.<br><br>COMPREHENSIVE SECURITY SERVICES, INC., a Montana registered foreign corporation; FIRSTLINE TRANSPORTATION SECURITY, INC., a Montana registered foreign corporation GARY SMEDILE, individually; TERESA BULLINGTON, individually; ZOE HAUSER, individually; TRANSPORTATION SECURITY ADMINISTRATION; HOMELAND SECURITY ADMINISTRATION; TRINITY TECHNOLOGY GROUP, INC., a Montana registered foreign corporation; ABC Corporation, ABC LLCs, and JOHN DOES 1-10,<br><br>                Defendants. | CV-19-45-BU-BMM<br><br>**Order Adopting Judge DeSoto's Findings and Recommendations** |

Plaintiff Becky Clements ("Clements") filed a Complaint alleging federal constitutional claims and a state law claim against FirstLine Transportation Security, Inc. ("Firstline"), three FirstLine employees ("Individual Defendants"), and various other defendants. Doc. 19. FirstLine filed a Motion for Judgment on the Pleadings

1

under Fed. R. Civ. P. 12(c). Doc. 29. The Individual Defendants filed a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(1) and, alternatively, for Lack of Subject Matter Jurisdiction under Rule 12(b)(6) and (1). Doc. 60. United States Magistrate Judge Kathleen L. DeSoto ("Judge DeSoto") held a hearing on these motions on October 30, 2020. Doc. 70. Judge DeSoto entered Findings and Recommendations in this matter on November 5, 2020. Doc. 71.

**JUDGE DESOTO'S FINDINGS AND RECOMMENDATIONS (Doc. 71).**

### CLEMENTS'S ORAL MOTION TO DISMISS (DOC. 70).

Judge DeSoto recommended that the Court grant Clements's oral motion to dismiss the Transportation Security Administration and the Department of Homeland Security as parties to this case. Doc. 71 at 31.

### FIRSTLINE'S MOTION FOR JUDGEMENT ON THE PLEADINGS (DOC. 29).

#### COUNTS I-III (FEDERAL CONSTITUTIONAL CLAIMS)

Judge DeSoto recommended that the Court grant FirstLine's Motion for Judgment on the Pleadings (Doc. 29) and dismiss Counts I-III (federal constitutional claims) against FirstLine. Doc. 71 at 31. Clements based these federal constitutional claims on a theory of liability established in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Judge DeSoto determined that these claims fail as a matter of law because (1) a *Bivens* action cannot be

2

maintained against a private entity and, even if it could, (2) the claims do not fall within an established *Bivens* claim and no basis exists for extending *Bivens* to recognize a new implied cause of action. Doc. 71 at 6.

### THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (DOC. 60).

### COUNTS I-III (FEDERAL CONSTITUTIONAL CLAIMS)

Judge DeSoto recommended that the Court grant the Individual Defendants' Motion to Dismiss (Doc. 60) as it relates to Counts I-III (federal constitutional claims) against the Individual Defendants. Doc. 71 at 31. Clements based these federal constitutional claims on a theory of liability established in *Bivens*, 403 U.S. 388 (1971). Judge DeSoto determined that these claims fail as a matter of law because the claims do not fall within an established *Bivens* claim and no basis exists for extending *Bivens* to recognize a new implied cause of action. Doc. 71 at 11.

### BLACKLISTING CLAIM

Judge DeSoto recommended that the Court deny the Individual Defendants' Motion to Dismiss (Doc. 60) as it related to Count IV (blacklisting claim) against the Individual Defendants. Doc. 71 at 31. Judge DeSoto determined that Clements's allegations, when viewed most favorable to Clements, prove sufficient to allow "the Court to draw the reasonable inference that the Individual Defendants may have blacklisted Clements by their actions or written statements in her personnel file." Doc. 71 at 27−28.

If the Court were to accept all of Judge DeSoto's recommendations to dismiss Clements's federal constitutional claims against all the defendants, Clements's blacklisting claim against the Individual Defendants would constitute Clements's sole remaining claim. Clements maintains that the statute of limitation would bar Clements from bringing it in state court. Doc. 63 at 20−21. Judge DeSoto acknowledged this fact and recommended that the Court remand Clements's blacklisting claim back to state court rather than dismissing the remainder of the case for lack of jurisdiction. Doc. 71 at 30.

**LEGAL STANDARD**

The Court reviews *de novo* any portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party properly objects by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that th[e] Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error any portions of a magistrate judge's findings and recommendations to which a party does not object or when a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v.*

*Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

**INDIVIDUAL DEFEDANTS' OBJECTIONS (Doc. 77).**

Neither party filed objections to Judge DeSoto's recommendation to dismiss the Transportation Security Administration and the Department of Homeland Security as parties to this case. Neither party filed objections to Judge DeSoto's recommendation to dismiss Counts I-III (federal constitutional claims) against FirstLine. The Court will review for clear error these portions of Judge DeSoto's Findings and Recommendations (Doc. 71). *Rosling*, 2014 WL 693315, at *3.

Clements filed objections to Judge DeSoto's recommendation to dismiss Counts I–III (federal constitutional claims) against the Individual Defendants. Doc. at 77. Clements's first objection argues that Judge DeSoto erred in determining that Clements's allegations were insufficient to infer that the Individual Defendants' conduct was fairly attributable to the federal government action. *Id*. at 8. Clements's second objection argues that Judge DeSoto erred in determining that Clements's blacklisting claim constitutes an alternative remedy under a *Bivens* analysis. *Id*. at 10. Clements's third objection argues that Judge DeSoto erred in concluding that the national security implications constitute a special factor that counsels against

5

extending *Bivens*.  *Id*. at 12.  Clements's fourth objection argues that Judge DeSoto erred in concluding that the ATSA constitutes a special factor that counsels against advancing Clements's *Bivens* claims.  *Id*. at 13.

These objections prove proper.  *Montana Shooting Sports Ass'n*, 2010 WL 4102940, at *2.  These objections identify the portions of Judge DeSoto's disposition to which Clements objects and presents legal argument and supporting authority for those objections.  *Id*.  The Court will review *de novo* these portions of Judge DeSoto's Findings and Recommendations (Doc. 71).  28 U.S.C. § 636(b)(1).

## ANALYSIS

### A. CLEMENTS'S ORAL MOTION TO DISMISS (DOC. 70).

The Court finds no clear error in Judge DeSoto's Findings and Recommendations (Doc. 71) as it relates to Clements's Oral Motion to Dismiss. Clements moved at oral argument to dismiss the Transportation Security Administration and the Department of Homeland Security. Doc. 70. This motion appears to uncontested, and Judge DeSoto correctly recommended that the Court grant it.  The Court adopts Judge DeSoto's Findings and Recommendations (Doc. 71) as it relates to Clements's Oral Motion to Dismiss.

### B. FIRSTLINE'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 29).

The Court finds no clear error in Judge DeSoto's Findings and Recommendations (Doc. 71) as it relates to FirstLine's Motion for Judgement on the Pleadings (Doc.29). Judge DeSoto correctly determined that Counts I-III (federal constitutional claims) against FirstLine fail as a matter of law because the claims are based on a theory of liability established in *Bivens* that cannot be maintained against a private entity like FirstLine. Doc. 71 at 11. The Court adopts Judge DeSoto's Findings and Recommendations (Doc. 71) as it relates to FirstLine's Motion for Judgement on the Pleadings (Doc.29).

### C. THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (DOC. 60).

The Individual Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1). Doc. 60. The Individual Defendants argue that Counts I-III (federal constitutional claims) fail as a matter of law because the claims do not fall within the categories of claims previously recognized under *Bivens* and there exists no basis for extending *Bivens* to recognize a new implied cause of action. Doc. 61. The Court agrees. Clements's claims against the Individual Defendants fail as a matter of law.

The United States Supreme Court has previously recognized *Bivens* claims in only three contexts: (1) unreasonable search and seizure by federal officers in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 396−97; (2) gender

discrimination by a member of Congress in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248−49 (1979); and, (3) deliberate indifference to a prisoner's medical needs by federal officers in violation of the Eight Amendment, *Carlson v. Green*, 446 U.S. 14, 19 (1980). Clements now asks the Court to extend *Bivens* to include a fourth context involving violation of substantive and procedural due process under the Fifth Amendment by private contractors employed under contract with the Transportation Security Administration.

The United States Supreme Court has laid out a two-part analysis to determine whether *Bivens* should be extended to include a new implied cause of action. *Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2019) (citing *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017)). First, a court must determine whether the circumstances of a case arise in a new *Bivens* context. *Id*. This inquiry requires a court to determine whether the case proves different in a meaningful way from previous *Bivens* cases decided by the United States Supreme Court. *Id*. Second, a court may extend *Bivens* only if the plaintiff has no other alternative remedies and no special factors exist that counsel against extending *Bivens*. *Id*.

The parties concede that Counts I-III (federal constitutional claims) against the Individual Defendants satisfy the first step because the case proves different in a meaningful way from previous *Bivens* cases decided by the United States Supreme Court. Doc. 63 at 7−8; *see Ioane*, 939 F.3d at 951. Judge DeSoto recommended

that the Court not extend *Bivens* in this case because the case did not satisfy the second step. Doc. 30 at 31; *see Ioane*, 951−52. Judge DeSoto determined that Clements's blacklisting claim against the Individual Defendants provides Clements with an alternative remedy and special factors exist that counsel against extending *Bivens*. Doc. 71. These special factors include the status of the Individual Defendants as private individuals whose conduct cannot be fairly attributable to the federal government, the national security implications involved with securing the nation's airports and air traffic, and the congressional intent found in the ATSA's preemption provisions. *Id*. After reviewing *de novo* the issues presented in the Individual Defendants' Motion to Dismiss (Doc. 60), the Court arrives at the same conclusion.

### ALTERNATIVE REMEDIES.

A court may not extend *Bivens* if a plaintiff has alternative remedies available. *Ioane*, 939 F.3d at 951. Clements asserts that alternative remedies are not available. Cod. 77 at 10−11. Clements cites the technical differences between a blacklisting claim and the federal constitutional claims alleged in Counts I-III, primarily that Clements's blacklisting claim did not accrue until Clements was not subsequently hired yet Counts I-III accrued when Clements was terminated. Doc. 77 at 10.

State law remedies need not be perfectly congruent with a potential *Bivens* remedy to constitute an alternative remedy. *Minneci v. Pollard*, 565 U.S. 118, 129

9

(2012). The United States Supreme Court required the absence of any alternative remedies before a court could extend *Bivens*. *Ioane*, 939 F.3d at 951. The differences between the two remedies in this case prove only slight and do not warrant a finding that Clements had available no alternative remedy.

Even were the Court to determine that Clements lacked an alternative remedy, the absence of an alternative remedy serves as a necessary rather than a sufficient prerequisite to extending *Bivens*. A Court may not extend *Bivens*, even in the absence of an alternative remedies, if special factors exists that would counsel against extending *Bivens*. *Id*. The special factors detailed below counsel against extending *Bivens*; and, therefore, even in the absence of alternative remedies, Counts I-III fail as a matter of law. *Id*.

### SPECIAL FACTORS.

Courts must refrain from extending *Bivens* to create a new implied cause of action if any special factors exist that would counsel against extending *Bivens*. *Id*. The United States Supreme Court has not precisely defined "special factors" but has specified that separation-of-powers principles are central to the analysis. *Abbasi*, 137 S.Ct. at 1857−58. "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. The Fourth Circuit determined that "a special factor is a sound reason to think Congress might doubt

the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." *Canada v. United States*, 950 F.3d 299, 309 (2020). The threshold for finding the existence of a special factor that counsels against extending *Bivens* proves remarkably low. *Hernandez v. Mesa*, _ U.S. _, _, 140 S.Ct. 735, 822 (2020).

### PRIVATE INDIVIDUALS.

Judge DeSoto determined that the status of the Individual Defendants as private parties constitutes a special factor that counsels against extending *Bivens*. Doc. 71 at 21−22 (citing *Rabieh v. Paragon Systems Inc.*, 316 F.Supp.3d 1103, 1105−06 (N.D. Cal. 2018). Courts have been hesitant to permit private parties to sue each other for federal constitutional violations. *Rabieh*, 316 F.Supp.3d at 1109 (internal citations omitted). The Ninth Circuit determined that the private status of a party will not serve to defeat a *Bivens* claim, provided that the private party has acted under color of federal law. *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1337−28 (9th Cir. 1987). The Ninth Circuit provides four tests for determining whether a private party acted under color of federal law. *Rooks v. Fritz*, 2019 WL 7584246, at *3 (C.D. Cal. Nov. 26, 2019). Each test asks whether the alleged infringement of federal rights can be fairly attributable to the federal government. *Morelli v. Hyman*, 2020 WL 252986, at *5 (D. Haw. Jan. 16, 2020).

The Individual Defendants rely on *Holly v. Scott*, 434 F.3d 287 (4th Cir. 2006). In *Holly*, a prisoner brought a *Bivens* claim against individual employees of a private entity operating a federal prison pursuant to a contract with the federal government. 434 F.3d at 288. The *Holly* Court determined that the employees' actions were not fairly attributable to the federal government because the employees were employed by "a wholly private corporation in which the federal government has no stake other than a contractual relationship." *Id*. at 291.

The *Holly* court's analysis proves applicable in this case. The federal government has a contractual relationship with FirstLine under which FirstLine provides airport screening services. This relationship constitutes the only connection between the federal government and the Individual Defendants. Such a relationship does not amount to conduct fairly attributable to the federal government. *Id*. The status of the Individual Defendants serves as a special factor that counsels against expanding *Bivens*.

### NATIONAL SECURITY.

Given that consideration of special factors focuses on separation-of-powers principles, the United States Supreme Court has cautioned against extending *Bivens* in cases that implicate national security interests. *Abbasi*, 137 S.Ct. at 1861. "National-security policy is the prerogative of the Congress and President." *Id*. National security concerns "are even more pronounced when the judicial inquiry

comes in the context of a claim seeking money damages rather than a claim seeking injunctive or other equitable relief." *Id*.

The Third Circuit determined that national security implications counseled against extending *Bivens* to create an implied cause of action against a TSA screener, even in the absence of any alternative remedies. *Vanderklok v. United States*, 868 F.3d 189 (3rd Cir. 2017). In considering whether special factors existed, *Vanderklok* recognized that "[t]he TSA was created in response to the terrorist attacks of September 11, 2001, specifically for the purpose of securing our nation's airports and air traffic." *Id*. at 206. The Court concluded that this entanglement with national security constituted a special factor that counseled against extending *Bivens*. *Id*.

The same rationale applies here. TSA and the private contractors with which it chooses to contract are responsible for the security of the nation's airports and air traffic. The nature of employment determination, whether hiring decisions or performance evaluations and recommendations, when linked so closely to national security concerns counsel against to extending *Bivens*. *See Abbasi*, 137 S.Ct. at 1857−58; *Vanderklok*, 868 F3d at 206.

### THE AVIATION AND TRANSPORTATION SECURITY ACT ("ATSA").

Congress passed the ATSA in the wake of the September 11, 2001 terrorist attacks. The ATSA provides in relevant part that "[n]otwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ,

13

appoint, discipline, terminate and fix the compensation, terms, and conditions of employment" for security personnel. 49 U.S.C. § 44935(2)(f)(1). As Judge DeSoto noted, "federal courts have consistently interpreted the 'notwithstanding' language cited above to mean that the ATSA 'precludes judicial review of employment decisions,' and 'preempts claims by security screeners against the TSA which are brought pursuant to other federal laws'." *Soto v. McAleenan*, 2019 WL 4739269, at *4 (D. Mont. July 26, 2019)(citing *Connors v. United States*, 863 F.3d 158, 161 (2nd Cir. 2017)). Some courts have held that the ATSA also preempts state law claims by security screening employees against private companies that have contracted with the TSA. *See Orelski v. Pearson*, 337 F.Supp.2d 695 (W.D. Pa. 2004).

For a Court to extend *Bivens* to include an implied cause of action for federal constitutional violations arising out of an employment dispute would be to do what Congress effectively prohibited by way of the ATSA's preemption provision: allow security screeners to challenge those employment decisions made by the TSA and the private security companies with whom the TSA contracts. Given the United States Supreme Court's general reluctance to expand *Bivens* and specific caution to Court to respect the separations of powers, the tension between Clements's claims and the preemption provisions that Congress placed in the ATSA constitutes a special factor that counsels against extending *Bivens*.

CONCLUSION.

Judge DeSoto correctly determined that Counts I-III (federal constitutional claims) against the Individual Defendants fail as a matter of law. Clements possesses alternative remedies available to her. The variety of special factors in this case that counsel against extending *Bivens* proves too great to warrant expanding *Bivens* in the face of the United States Supreme Court's strong general reluctance to extending *Bivens*. Clements Counts I-III (federal constitutional claims) against the Individual Defendants fail as a matter of law and are dismissed with prejudice.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Plaintiff's oral motion to dismiss the Transportation Security Administration and the Department of Homeland Security as parties in this matter is **GRANTED**.

   - The Transportation Security Administration is **DISMISSED**.
   - The Department of Homeland Security is **DISMISSED**.

2. FirstLine's Motion for Judgment on the Pleadings (Doc. 29) is **GRANTED** as it relates to Counts I-III of the Amended Complaint (Doc. 19).

   - Counts I-III of the Amended Complaint (Doc. 19) against FirstLine are **DISMISSED** with prejudice.

3. Individual Defendants' Motion to Dismiss for failure to state a claim (Doc. 60) is **GRANTED** as it relates to Counts I-III of the Amended Complaint (Doc. 19) and **DENIED** as it relates to Counts IV of the Amended Complaint (Doc. 19).

- Counts I-III of the Amended Complaint (Doc. 19) are **DISMISSED** with prejudice.

4. Individual Defendants' Motion to Dismiss for lack of jurisdiction (Doc. 60) is **GRANTED** as it relates to Count IV of the Amended Complaint (Doc. 19).

- The matter is remanded back to Montana's Eighteenth Judicial District Court, Gallatin County, Montana.

Dated the 4th day of January, 2020.

_____
Brian Morris, Chief District Judge
United States District Court